## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**ERIC WARE,**
        **Plaintiff,**

        vs.                        07-3013

**AUSTIN RANDOLPH, et al.,**
        **Defendants.**

### ORDER

The plaintiff, seeks leave to proceed on appeal in forma pauperis [155] and [160]. Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). *See also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), where the court held that an appeal from a dismissal for frivolousness cannot be in good faith.

The plaintiff in this case brought a cause of action against the defendants for deliberate indifference with respect to care and treatment provided to him for skin conditions he suffered while incarcerated at the Illinois River Correctional Center. Mr. Ware was transferred to the Illinois River Correctional Center from the Hill Correctional Center on August 24, 2006. He was transferred out of the Illinois River Correctional Center to the Danville Correctional Center on April 18, 2007. The dates in question relate only to the time that Mr. Ware was incarcerated at the Illinois River Correctional Center. Accordingly, this lawsuit as to the defendants, Seth Osafo, M.D. and Tracy Neuendorf, L.P.N., relates only to this eight-month period that Mr. Ware was incarcerated at the Illinois River Correctional Center. During this time, Mr. Ware presented to Dr. Osafo and Nurse Neuendorf on few occasions with complaints concerning a skin disorder on his head and on his back and arms. The evidence in this case reflects that Mr. Ware was treated with medications and was evaluated for his conditions as they were presented. Since the time that Mr. Ware has left the Illinois River Correctional Center, he is no longer under the care and treatment of these Defendants. Dr. Osafo diagnosed Mr. Ware as having dermatitis. He was treated for that condition. Ms. Neuendorf considered this condition on his back to be acne. She treated this per the protocol sheet directing care for this condition. On September 24, 2008, this court found that the evidence presented to this court showed that Mr. Ware's condition of dermatitis was not a serious medical need, despite the fact that it may be a frustration or annoyance to Mr. Ware. Further, there was no evidence to indicate that he was at a substantial risk of serious harm. Further, there was no evidence presented to indicate that Mr. Ware requires a certain course of medical treatment to treat his dermatitis. Therefore, the court granted defendants' summary judgment motion on September 24 2008. The plaintiff appeals that order.

Further, the plaintiff alleged the following additional claims against different defendants

in his amended complaint.

    1. Defendants Huggins and Randolph violated Plaintiff's First Amendment rights when they refused to allow him to mail correspondence and letters with drawings and/or notes on the envelopes.

    2. Defendant Huggins and Randolph violated Plaintiff's Eighth Amendment rights when they subjected him to second hand smoke although Plaintiff is asthmatic.

    3. Defendants Brown and Rains retaliated against him and violated Plaintiff's First Amendment rights when they issued Plaintiff an investigation ticket and placed him in segregation because he filed the instant lawsuit.

    4. Defendant Randolph violated Plaintiff's First Amendment rights when Plaintiff was placed in segregation under investigation for charging inmates for completion of their legal work and then transferred to another institution.

    5. Defendants Endres and Woods violated Plaintiff's First Amendment rights when they refused to allow him emergency medical attention, refused to give him grievance forms, and refused to allow him access to the law library on 3/20/07.

On September 24, 2008, this court entered an order allowing defendants' summary judgment motion [108] as to Plaintiff's claims that Huggins and Randolph violated Plaintiff's First Amendment claim that they refused to allow him to mail correspondence and letters with drawings and/or notes on the envelopes. Pursuant to Section 1997e(a), the Plaintiff's remaining claims as discussed supra were dismissed, without prejudice. The plaintiff also appeals the court's second September 24, 2008 order.

In accordance with *Celske v. Edwards*, 164 F.3d 396 (7th Cir. 1999), the plaintiff has provided a statement of his grounds for appeal [155]. This court has reviewed the plaintiff's brief [155]. A plaintiff that identifies issues that are debatable among jurists, or that could be resolved in a different manner, or that are sufficient to deserve encouragement to proceed further, demonstrates a good faith basis for an appeal. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). The plaintiff has not identified any such issues. As a result, this court cannot find a good faith basis for appeal. In sum, this court must deny the plaintiff's motion for leave to proceed in forma pauperis and certify, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis but must pay the appellate fee of $455.00 within 14 days. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order. See Fed.R.App.P. 24(a).

Furthermore, the plaintiff cannot proceed in forma pauperis as he has earned more than

three strikes and this is not a case of imminent danger. A review of the plaintiff's litigation history indicates that Eric Ware is not permitted to proceed in forma pauperis under 28 U.S.C. § 1915(g). He has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief maybe granted. See, eg., Ware v. Bank One/Chase Bank, No. 07-cv-3964 (N.D. Ill. Jul. 25, 2007); Ware v. Chi. Police Dep't, No. 07-cv-6645 (N.D. Ill. Mar. 5, 2008) (assessing two strikes under the rule in *George v. Smith*, 507 F.3d 605, 607-08 (7 Cir. 2007)).

IT IS ORDERED:

1. The plaintiff's motions for leave to proceed in forma pauperis [155] and [160] are denied. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith. Furthermore, Eric Ware has earned more than three strikes and he is not in imminent danger, and therefore he cannot proceed on appeal in forma pauperis.
2. The plaintiff is ordered to remit to the clerk of the court the $455.00 appellate fee within 14 days of the date of this order. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. The obligation to make full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the clerk of this court in writing of any change of address within seven days of the change.
3. The clerk of the court is directed to mail a copy of this order to the Seventh Circuit United States Court of Appeal.

Enter this 31st day of March, 2009.

                                         **s\Harold A. Baker**

                                       HAROLD A. BAKER
                           UNITED STATES DISTRICT JUDGE